CHARLESTON (GILCHRIST v.). See Case No. 5,420.

CHARLESTON GASLIGHT CO. (PERDICARIS v.). See Case No. 10,974.

CHARLESTOWN (MARSH v.). See Case No. 9,113.

## Case No. 2,621.

### The CHARLOTTE.

[Blatchf. Pr. Cas. 623.] [1]

District Court, S. D. New York. Feb. 14, 1865.

PRIZE—VIOLATION OF BLOCKADE.

Vessel and cargo condemned for a violation of the blockade.

BETTS, District Judge. The above vessel and cargo were captured, as prize of war, by a squadron of United States vessels-of-war, January 20, 1865, in Cape Fear river, off Smithville, North Carolina, and were brought into this court for adjudication. They were here arrested by the marshal, January 28, 1865, under process of monition and attachment, returnable in court February 14. Due notice was given thereof by public proclamation made in open court on that day; and, no person appearing to answer to such attachment, monition, and proclamation, it was, on motion of the United States Attorney, ordered by the court that an interlocutory judgment of condemnation by default be rendered against the said prize vessel and her cargo, pursuant to the course and practice of the court. The pleadings, the documentary proofs, and the depositions in preparation, were submitted by the United States attorney to the court, to ascertain and determine the legal liability of the prize to condemnation and forfeiture.

The vessel was of English build, and when arrested carried on board of her a British certificate of registry, issued at the custom house in London, bearing date August 26, 1864, with a further certificate indorsed thereon, by the custom house registrar at Halifax, November 17, 1864, that Thomas Edwin Cocker had then become master of the vessel. It thus appears prima facie upon the ship's title papers, produced from her, that she was a neutral vessel; which had departed from her home port and was arrested in the mouth of a blockaded port. The prize-master who brought the captured vessel into this port received with her no other papers than the aforesaid registry, and reports that he does not know that she had any papers on board.

Thomas E. Crocker, the master of the prize vessel, George Turner, the second mate, and Alexander Crawford, the ship's engineer, were examined in preparatorio, by the prize commissioner, on the second day of February, 1865. The master testifies that he is a subject of the queen of England; that he was present at the capture of the vessel on the 20th of January last, about 12 o'clock at night, at Smithville, in the Cape Fear river; that she was brought, immediately after her

[1] [Reported by Samuel Blatchford, Esq.]

capture, to this port; that she carried English colors; that she also had a Confederate flag, which was usually hoisted at the mast-head in going up Cape Fear river, when coming in; that the circumstances of the capture were, that the vessel was bound from Bermuda to Wilmington, North Carolina, and had passed the blockading squadron there, as she supposed, and ran right into Smithville, and was there intercepted and ordered to anchor by the United States squadron; that the capture was made, he supposes, by all four of the American vessels; that the owners were British subjects, resident in England; that he was appointed master at Halifax, by the owners in England, for the voyage; that there were no bills of lading for the cargo of the vessel, to his knowledge; that he signed none; that he knows of no papers on the vessel except the register; that all private papers on the ship were burned or destroyed on board as soon as it was discovered she was in the enemy's hands; that her cargo, amounting to about 150 tons burden, consisted of miscellaneous merchandise, composed principally of materials for wearing and military supplies; that the vessel had, under his command, made a previous voyage from Bermuda to Wilmington and back, bringing cotton out of Wilmington; that he supposes the cargo in this case belonged to the owners of the vessel; that he knew that Wilmington was held under blockade by the United States forces before he attempted to enter the port on this occasion; and that the vessel had previously entered the port of Wilmington, and come out while it was under blockade, and was making the attempt to violate the blockade again when captured.

The other two witnesses concur substantially in the evidence given by the master, with the exception that the first engineer states that a portion of the cargo which the prize had on board when captured was composed of goods contraband of war. It is unnecessary to repeat the evidence in full detail, as the evidence given by both of the witnesses fully supports the charge of violating the blockade by the prize in running into the port of Wilmington when arrested.

It is ordered and decreed that the vessel and cargo be condemned and forfeited for the cause in the libel alleged.